**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4358**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE L. MORRIS, a/k/a Tote,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Frederick P. Stamp, Jr., District Judge.  (CR-00-7)

---

Submitted:  September 15, 2004      Decided:  September 29, 2004

---

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, Robert H. McWilliams, Jr., Randolph J. Bernard, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tyrone L. Morris appeals from the district court's termination of his term of supervised release and ten-month prison sentence pursuant to 18 U.S.C. § 3583(e) (2000). Morris served a forty-four-month sentence for aiding and abetting the distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (2000). He was released to a three-year term of supervised release in September 2003. Shortly thereafter, Morris committed several violations of the terms of his supervised release, including public intoxication and driving under the influence of alcohol. Morris also failed to report these violations to his probation officer.

At his revocation hearing, Morris presented evidence that he had strong family ties, was gainfully employed, and was obtaining substance abuse treatment. He suggested several alternatives to an additional term of incarceration. The district court, however, terminated Morris's term of supervised release and sentenced him to a ten-month term of imprisonment. For the following reasons, we affirm.

We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2000). The court abuses its discretion when it fails or refuses

to exercise its discretion, when it fails to consider judicially recognized factors circumscribing its exercise of discretion, or when its exercise of discretion is flawed by an erroneous legal or factual premise. <u>James v. Jacobson</u>, 6 F.3d 233, 239 (4th Cir. 1993). We must overturn a district court's exercise of its discretion if the court's decision, "considering the law and the facts, was arbitrary or capricious." <u>United States v. Mason</u>, 52 F.3d 1286, 1289 (4th Cir. 1995). However, we may not substitute our independent judgment for that of the district court. <u>Id.</u>

We conclude the district court's decision was clearly based on principled reasoning and was not arbitrary or capricious. We thus find that the court did not abuse its discretion in terminating Morris's supervised release and imposing an additional term of imprisonment.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>